# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**LAKE EXPRESS, LLC,**
        **Plaintiff,**

    v.                                                                       **Case No. 05C1331**

**AUSTAL USA, LLC,**
        **Defendant.**

## DECISION AND ORDER

Plaintiff Lake Express, LLC brought this breach of contract action in state court alleging that defendant Austal USA, LLC constructed and delivered to it a high-speed vehicle ferry with a defectively painted hull. Plaintiff characterizes this defect as a "coating failure." (Compl. ¶ 14.) Defendant removed the case based on diversity of citizenship. Plaintiff is a limited liability company, all the members of which are citizens of Wisconsin, and defendant is a limited liability company, none of the members of which are citizens of Wisconsin. Pursuant to Fed. R. Civ. P. 12(b)(3), defendant now moves to dismiss or alternatively stay the case on the ground that the contract ("Contract") calls for the dispute to be arbitrated. The Seventh Circuit has noted that the proper course of action when a party seeks to invoke an arbitration clause is to stay the proceedings pending arbitration rather than to dismiss outright. Cont'l Cas. Co. v. Am. Nat'l Ins. Co., 417 F.3d 727, 732 n.7 (7th Cir. 2005). Moreover, the authority to stay proceedings does not derive from Rule 12(b), but rather from the Federal Arbitration Act ("FAA"). Id. Thus, I will treat defendant's motion as one to stay the proceedings.

Federal policy strongly favors arbitration as embodied in the FAA. <u>Hawkins v. Aid Ass'n for Lutherans</u>, 338 F.3d 801, 807 (7th Cir. 2003). However, arbitration is a matter of contract – no party can be required to arbitrate a claim if it has not agreed to do so. <u>Id.</u> at 806. Whether parties have agreed to arbitrate is a matter of state contract law. <u>Id.</u> In the present case, pursuant to clause 25 of the Contract (Pl.'s Resp. Br. Ex. A), I apply the law of the state of New York. Under New York law, I look first to the words of the contract and give them "their fair and reasonable meaning." <u>Sutton v. E. River Sav. Bank</u>, 435 N.E. 2d 1075, 1078 (N.Y. 1982); <u>see also</u> <u>Slamow v. Del Col</u>, 594 N.E. 2d 918, 919 (N.Y. 1992) (stating that "the best evidence of what parties to a written agreement intend is what they say in their writing").

> Clause 26 of the Contract provides:
>
> 26.1  If at any time any dispute whatsoever shall arise between the Purchaser and the Builder before or during construction or after the delivery of the Vessel, under or in relation to or in connection with this Agreement or in the interpretation thereof, or arising in or out of our [sic] in connection with performance of or the carrying out of any of the work under this Agreement, it shall be referred to arbitration in Atlanta, Georgia in accordance with the rules of the Society of Maritime Arbitrators, Inc. current at the time when the arbitration proceedings were commenced. Any such arbitration shall be final and binding upon the parties hereto.
>
> 26.2
> . . . .
>
> Notwithstanding the preceding provisions of this Clause 26, any dispute or difference of opinion relating to the construction of the Vessel, her machinery and equipment, or concerning the quality of materials or workmanship thereof, or in regard to interpretation of the Specification, shall be resolved by in [sic] accordance with Clause 4.2 hereof.

Clause 4.2.2 of the Contract provides:

> Dispute
>
> If a dispute arises as stipulated in Clause 4.2.1 or 4.3.2 (iv) hereof, the dispute shall be referred for determination by an Independent Expert in accordance with Clause 4.2.3, and the Independent Expert shall make a determination in accordance with said clause and shall decide the impact on delivery, if any, and the Basic Purchase Price.

(Pl.'s Resp. Br. Ex. A.)

Defendant argues that clause 26.1 requires arbitration. However, its argument fails because of the "Notwithstanding" provision in clause 26.2, which unequivocally exempts from arbitration disputes "relating to the construction of the Vessel, her machinery and equipment, or concerning the quality of material or workmanship thereof." Id. The dispute in the present case is whether defendant used defective paint or applied it defectively. Such dispute plainly concerns "the quality of material or workmanship" within the meaning of clause 26.2. Thus, pursuant to the Contract, the dispute is not subject to arbitration.

Therefore, for the reasons stated,

**IT IS ORDERED** that defendant's motion to stay this action is **DENIED.**

Dated at Milwaukee, Wisconsin this 15 day of June, 2006.

/s_____
LYNN ADELMAN
District Judge

3

Case 2:05-cv-01331-LA   Filed 06/15/06   Page 3 of 3   Document 18